# In the United States Court of Federal Claims

No. 19-1242C

(Filed: January 14, 2020)

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| DETRICK HARRIS,<br>　　　　　Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br>　　　　　Defendant. | Rule 12(b)(1) Motion to Dismiss for Lack of Subject Matter Jurisdiction; Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim; Pro Se Plaintiff. |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

*Detrick D. Harris*, Meridian, Mississippi, *pro se* Plaintiff.

*Andrew J. Hunter*, Trial Attorney, with whom were *Joseph H. Hunt*, Assistant Attorney General, *Robert E. Kirschman, Jr.*, Director, *James P. Connor*, Assistant Director, Commercial Litigation, U.S. Department of Justice, Washington, D.C., for Defendant.

## OPINION AND ORDER

WHEELER, Judge.

Detrick Harris is an incarcerated *pro se* Plaintiff who alleges that he was "assaulted and battered by the accused." Compl. at 11. The Government has filed a motion to dismiss under Rule 12(b)(1) and (6). Dkt. No. 7. The Government argues that Plaintiff's claims "are difficult to make out" and "invoke several sources of law…none of which vest this Court with jurisdiction." Id. at 1. The Government further contends that Plaintiff's claims, while "illegible and difficult to construe[,]…appear to allege conduct sounding in tort." Id. The Court agrees with the Government. For the reasons below, the Court GRANTS the Government's motion to dismiss.

## Background

Mr. Harris is incarcerated in East Meridian Correctional Facility in Mississippi where he claims he has been subjected to assault and "non-isolated environmental offenses." Compl. at 3, 9. Mr. Harris filed his complaint with the Court on August 19, 2019. On September 24, 2019, the Government filed a motion to dismiss Mr. Harris's complaint for lack of subject matter jurisdiction and failure to state a claim. Dkt. No. 7. On November 18, 2019, Mr. Harris filed a "Motion for Leave to Amend[] and Supplemental Pleadings and other Sufficient Pleadings," which repeats the allegations in his complaint. Dkt. No. 10.

## Discussion

### A. Failure to State a Claim on Which Relief Can Be Granted

When considering a motion to dismiss a complaint for failure to state a claim upon which relief may be granted under Rule 12(b)(6), the Court accepts as true all factual allegations submitted by the plaintiff. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). For the plaintiff to survive dismissal, the Court, viewing the facts in the light most favorable to the plaintiff, must conclude that "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 556). The plaintiff's factual allegations must be substantial enough to raise the right to relief above the speculative level. Twombly, 550 U.S. at 545; Chapman Law Firm Co. v. Greenleaf Constr. Co., 490 F.3d 934, 938 (Fed. Cir. 2008).

Mr. Harris's complaint recites conclusory allegations that amount to federal constitutional and state tort claims. The Court cannot discern how Mr. Harris's legal bases for his complaint supports the legal conclusions he makes. E.g., Compl. at 1–2 (citing 42 U.S.C. §§ 9601–9675 which pertains to compensation and liability relating to the release of hazardous substances and 28 U.S.C. § 1746 which relates to unsworn declarations under penalty of perjury). The complaint, therefore, fails to state a claim on which relief can be granted.

### B. Lack of Subject Matter Jurisdiction

In deciding whether it has subject matter jurisdiction, the Court "accepts as true all uncontroverted factual allegation in the complaint and construes them in the light most favorable to the plaintiff." Estes Express Lines v. United States, 739 F.3d 689, 692 (Fed. Cir. 2014). Although the Court holds *pro se* pleadings to a lower standard, a *pro se* plaintiff must still prove subject matter jurisdiction by a preponderance of evidence. See Lengen v. United States, 100 Fed. Cl. 317, 328 (2011).

Under the Tucker Act, the Court may hear any "claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). The Tucker Act itself does not create a substantive cause of action. Rather, for a claim to be cognizable under the Tucker Act, the plaintiff must identify a "separate source of substantive law that creates the right to money damages." Fisher v. United States, 402 F.3d 1167, 1172 (Fed. Cir. 2005). The separate source of substantive law is considered money-mandating if it "can fairly be interpreted as mandating compensation for damages sustained as a result of the breach of the duties [it] impose[s]." Id. at 1173 (quoting United States v. Mitchell, 463 U.S. 206, 217 (1983)).

Mr. Harris also fails to establish the grounds for this Court's jurisdiction. While difficult to decipher, Mr. Harris's claims of assault sound in tort. This Court, however, has no jurisdiction to decide tort-based claims. See Rick's Mushroom Service, Inc. v. United States, 521 F.3d 1338, 1343 (Fed. Cir. 2008). Mr. Harris also cites the Mississippi Constitution as a theory of recovery. But this Court also does not have jurisdiction over claims based on state law as these claims do not "aris[e] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Accordingly, these claims must be dismissed for lack of subject matter jurisdiction.

## Conclusion

For the reasons above, the Court DISMISSES Plaintiff Detrick Harris's complaint for lack of subject matter jurisdiction. The Clerk is directed to dismiss Plaintiff's complaint without prejudice.

IT IS SO ORDERED.

THOMAS C. WHEELER
Judge